NATHANIEL BUCKMASTER, appellant, v. CHARLES D. DRAKE, appellee.

*Appeal from Madison.*

Upon a motion that a sheriff pay over money collected by him on execution, it was *held* that he was liable in that mode of proceeding for the amount of the money so collected and withheld from the plaintiff, together with interest thereon from the time of collection at the rate of twenty per centum per annum.

A sheriff does not fully complete the execution of process until he has rendered the money to the plaintiff. The fact of his going out of office before its completion does not absolve him from liability to pay over the money and the interest provided in such case, on motion.

MOTION, in the Madison Circuit Court, made by the appellee, who was plaintiff in an execution against one Henry K. Lathy, against the appellant, late sheriff of the county. The motion was made at the March term, 1848, the Hon. Gustavus P. Koerner presiding, and an order entered, requiring the appellant to pay *instanter* the amount of the debt claimed in the execution, together with interest at the rate of twenty per cent. from the return day of the execution as damages for failing to pay over according to law.

The defendant made no defence in the Circuit Court. He subsequently filed an affidavit, and moved to set aside the default, which was overruled.

The following are copies of the notice, affidavit and motion in the cause:

(Notice.)

"State of Illinois, ⎫ ss.   In the Circuit Court of said county,
Madison county, ⎭         of March term, A. D. 1848.

*Charles D. Drake* v. *Henry K. Lathy.*

Judgment rendered in the Municipal Court of the City of Alton, county and State aforesaid, October term thereof, A. D. 1837, on which an execution issued from said last named Court to N. Buckmaster, then Sheriff. of Madison

county on the 2d day of November, A. D. 1837, and returned with the following indorsement: "This execution is satisfied." (Signed,) "N. Buckmaster, Sheriff, M. C."

Col. Nathaniel Buckmaster, late Sheriff, &c.—

Sir,—You will please take notice that on the first day of next term of said Circuit Court, to be holden at Edwardsville on the third Monday in March next, or so soon thereafter as counsel can be heard, a motion will be made for an order upon you to pay over the money collected by you upon the above named execution, together with twenty per cent. damages thereon from the time of collection of the same, according to the statute in such case made and provided.

Very Respectfully,

Alton, Feb'y 5, 1848.                    Charles D. Drake,
by Lewis B. Parsons, his att'y."

(Affidavit.)

State of Illinois, } ss.
Madison County,

Frederick T. Krafft, being duly sworn, deposeth and says that he served the within notice on the within named Nathaniel Buckmaster, by leaving an exact copy of the same with said Buckmaster on the 7th day of March, A. D. 1848.

(Signed)                    Fred. T. Krafft."

Subscribed and sworn to before me this 8th day of March, A. D. 1848.

Wm. T. Brown, Clerk."

(Motion.)

"Charles D. Drake
*v.*
Nathaniel Buckmaster.

The plaintiff in this cause moves the Court to grant an order on said defendant to pay said plaintiff the sum of one hundred and twenty six $\frac{85}{100}$ dollars, with twenty per cent. damages thereon from the time of collec-

tion of the same, on or about the first day of February, A. D. 1848, in accordance with the notice filed herein.

March 20, 1848. Lewis B. Parsons,

Att'y for pl'ff."

*W. Martin*, for the appellant, contended that the party had not laid a sufficient foundation for a recovery of the twenty per cent. under the statute. Rev. Stat. 419, § 44.

The notice is defective. It does not state that he is notified to pay over the debt and six per cent. interest, and that in default thereof, he will apply for the statutory judgment. It is defective, again, in stating that he will apply for a judgment and twenty per cent. *damages*, not interest.

Proof should have been made that Buckmaster had received the money, and that proof by affidavit.

*H. W. Billings & L. B. Parsons*, for the appellee.

1. The proceedings in the Court below were correct and in accordance with the statute. Rev. Stat. ch. 83, § 44; R. L. 494, §30; *Beaird* v. *Foreman*, 1 Scam. 40.

2. An application to set aside a default is addressed to the sound discretion of the Court, and the manner of its exercise cannot be assigned for error. *Wickersham* v. *The People*, 1 Scam. 130.

Nor does it come within the provisions of the statute of 1837. See § 23, Practice Act of 1845; *Wallace* v. *Jerome*, 1 Scam. 524.

The Opinion of the Court was delivered by

TREAT, C. J. This application was founded on the 44th sec., 83d ch., Rev. Stat., which is a literal transcript of sec. 30 of the Practice Act of 1827. Under the last named Act, it was decided in the case of *Beaird* v. *Foreman*, 1 Scam. 40, that a sheriff was liable in this mode of proceeding for the amount of money collected on an execution and withheld from the plaintiff together with interest thereon from the time of collection, at the rate of twenty per centum per annum. We regard that decision as conclusive of the present case. The

record shows that the proceedings prior to the judgment were regular, and such as to invest the Court with jurisdiction. The evidence on which the Court based its judgment is not before us; but we are bound to presume that the original liability and present delinquency of the appellant were fully established. This peculiar statute was enacted for wise purposes. It was intended to secure the prompt performance of duty on the part of sheriffs, and provide plaintiffs a summary remedy for the violation of their rights. A sheriff can easily avoid all liability under its provisions by the faithful discharge of his official duties. If he omits to do this, he must abide by the consequences, however harshly they may fall.

The fact that the appellant was out of office when this proceeding was commenced, does not absolve him from liability. He is still chargeable as sheriff in this particular case. He does not fully complete the execution of the process until he has rendered the money to the plaintiff. Any other construction of the statute might render its provisions nugatory. A sheriff might resign his office, and thus cease to be amenable to the penalties of the law.

The revision of the statutes in 1845 did not affect or change the liability of the appellant. The same provision was re-enacted; and the 38th and 39th sections of chap. 90 expressly continue the liability, and remove all difficulty in the way of enforcing it.

The motion to set aside the default was addressed to the sound discretion of the Court. The decision thereof cannot be assigned for error. *Harmison* v. *Clark,* 1 Scam. 131; *Garner* v. *Crenshaw,* ib. 143; *Wallace* v. *Jerome,* ib. 524.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*